IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DONOVAN ISAIAH JONES,

        Petitioner,

v.                                         CIVIL ACTION NO. 1:14-cv-35
                                              (Judge Keeley)

TERRY O'BRIEN,

        Respondents.

## REPORT AND RECOMMENDATION

### I. Background

On February 27, 2014, the *pro se* petitioner, Donovan Isaiah Jones, ("Petitioner") filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241. Petitioner paid the required $5.00 filing fee on March 18, 2014. This matter is pending for an initial review and Report and Recommendation.

### II. Facts[1]

On May 14, 2008, Petitioner was indicted in the United States District Court for the District of South Carolina, in a two count indictment charging him with possession with intent to distribute a quantity of marijuana, a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(D) and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922 (g)(1), 924(a)(2) and 924(e). (Dkt. No. 2). On August 19, 2008, Petitioner pleaded guilty to both counts. (Dkt. 21). On March 16, 2009, the district court sentenced Petitioner to concurrent terms of sixty months' imprisonment and two years' supervised release

---

[1] The pertinent facts were found using Petitioner's criminal case which can be found on PACER. Criminal case number 7:08-cr-461 in the United States District Court for the District of South Carolina.

1

for the drug offense and 212 months' imprisonment and five years' supervised release for the firearms conviction. Petitioner's sentence included an enhancement under 924(e)(1) because he had seven prior convictions for violent felonies or serious drug convictions, including four prior convictions for failure to stop for a blue light, two prior convictions for possession with intent to distribute crack cocaine, and one conviction for trafficking crack cocaine. (Dkt. 49, p.2). Petitioner appealed his conviction to the Fourth Circuit Court of Appeals. (Dkt. No. 32). The Fourth Circuit affirmed the district court's judgement, (Dkt. No. 46), and Petitioner did not appeal the judgment of the Fourth Circuit.

On November 12, 2010, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255 with the district court. (Dkt. No. 48). Petitioner specifically claimed: (1) ineffective assistance of counsel, because Petitioner's attorney did not properly investigate the underlying offenses used to characterize Petitioner as an armed career criminal, (Id. at 4), and (2) that Petitioner was improperly sentenced as an armed career criminal because the underlying offenses were improperly classified as violent crimes, (Id. at 5-8). Petitioner's § 2255 motion was dismissed on November 16, 2010. (Dkt. No. 50). Petitioner filed a Motion for Reconsideration (Dkt. 52), which was denied on December 7, 2010. (Dkt. 53). Petitioner appealed the district court's denial of his § 2255 Motion to the Fourth Circuit. (Dkt. No. 58). The Fourth Circuit dismissed Petitioner's appeal on June 22, 2011. (Dkt. No. 68). Petitioner further filed a motion for "Relief from Habeas Judgment pursuant to Federal Rules of Civil Procedure 60(b) on January 28, 2011. (Dkt. No. 62). This motion was denied by the district court on February 7, 2011. (Dkt. No. 63).

### III. Issue Presented

In his pending §2241 motion, Petitioner seeks an order remanding his case back to the district court for re-sentencing without the armed career criminal enhancement. In support of his

request, Petitioner alleges: (1) ineffective assistance of counsel, (2) the court inappropriately found his previous "failure to stop for a blue light" convictions to be violent crimes that would make him an armed career criminal, (3) the court did not create a record explaining which offenses it was relying on to sentence him as an armed career offender, and (4) actual innocence of being an armed career criminal. Petitioner's main focus are his claims of actual innocence and that the court inappropriately used his previous state crimes to sentence him as an armed career criminal.

To support these claims, Petitioner relies on the Supreme Court's 2013 ruling that California's burglary statute was not a divisible statute, meaning courts were not free to look at the facts behind the convictions and make a determination as to whether it is a violent crime. Descamps v. United States, 133 S. Ct. 2276, 2281-82 (2013). More specifically, the Court found that when a statute is not divisible between violent and nonviolent crimes the reviewing court must simply use the categorical approach to determine whether the conviction qualifies for the Armed Career Criminal Act. (Id. at 2286). In Descamps, the Court found that California's burglary statute was too broad to fit the normal or traditional definition of burglary and therefore, could not qualify as an offense under the Armed Career Criminal Act. (Id. at 2285-86). Petitioner claims here that South Carolina's burglary statute falls in the same category as California's, meaning it does not qualify for an Armed Career Criminal enhancement.

Petitioner also relies on United States v. Rivers, in which the Fourth Circuit specifically considered South Carolina's "failure to stop for a blue light" under the categorical approach, and determined that the statute was too broad and could never qualify for an Armed Career Criminal enhancement. Id. at 560. Petitioner alleges that these two decisions establish that his previous convictions do not qualify as convictions applicable to an Armed Career Criminal enhancement,

3

and thus the enhancement was improperly applied, and he is being illegally detained under a wrongful sentence.

## IV. Analysis

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. §2255. A §2241 motion is used to attack the manner in which a sentence is executed. Thus, a §2241 motion that challenges a federal conviction and sentence is properly construed to be a §2255 motion. The only exception to this conclusion is where a §2241 motion attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in §2255. Section 2255 states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

The law is clearly developed, however, that merely because relief has become unavailable under §2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the §2255 remedy is inadequate or ineffective, In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changes such that the conduct of which the prison was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Therefore, the remedy provided under §2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under §2241. Based on the language in Jones it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime.

Here, to the extent that Petitioner may be challenging his conviction for a violation of 21 U.S.C § 841(a)(1), 841(b)(1)(D), 922(g)(1), 924(a)(2), and 924(e), it is clear that Petitioner cannot meet the savings clause because these acts remain criminal violations. Moreover, to the extent Petitioner is challenging his sentence under the Armed Career Criminals Act, such a challenge is not cognizable in a § 2241 action.

Fundamentally, "Fourth Circuit precedent does not support the extension of the savings clause to petitioners who challenge only their sentences." Petty v. O'Brien, No. 1:11cv9, 2012 WL 509852 (N.D.W. Va. Feb. 15, 2012) (citing United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008)). Rather, the § 2255 savings clause is "confined to instances of actual innocence of the underlying offense of conviction," not just "innocence" of a sentencing factor. Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011)(per curiam) (emphasis added) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender). Here, Petitioner cannot establish that the conduct for which he was actually convicted, distribution of marijuana and illegal possession of a firearm, is no longer criminal. See In re Jones, 226 F.3d at 334. Accordingly, he is not entitled to proceed under § 2241. See, e.g., James v. Stansberry, No. 3:08-512, 2009 WL 320606, at *2 (E.D. Va. Feb. 9, 2009) (collecting cases): See also Cooper v.Warden FCI Williamsburg, No. 4:10-2402, 2010 WL 6297767, at *3 (D.S.C. Dec. 1, 2010) ("Petitioner's action seeking a determination that he is

actually innocent of a[n] [ACCA] sentence enhancement fails to state a cognizable § 2241 claim.").

Accordingly, relying on the decision in Petty, and the guidance of the Fourth Circuit in Darden, the undersigned concludes that Petitioner has failed to state a cognizable § 2241 claim. *See also* Little v. Hamidullah, 177 F. App'x 375, 375-76 (4th Cir. 2006): Green v. Hemingway, 67 F.App'x 255, 257 (6th Cir. 2003) ("Even if it is assumed that [Petitioner]'s allegations are true, the 'actual innocence' exception of the savings clause of § 2255, as it has been interpreted by this Court, is actual innocence of the underlying, substantive offense, not innocence of a sentencing factor.") (internal quotations omitted); Kinder v, v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000) (holding that § 2241 is not available where a petitioner "makes no assertion that he is innocent of the crime for which he was convicted"); White v. Rivera, 518 F.Supp.2d 752, 757 n.2 (D.S.C. 2007), aff'd 262 F.App'x 540 (4th Cir. 2008) ("Furthermore, his 'actual innocence' argument concerning an enhancement does not entitle him to relief under § 2241, as it 'is not the type of argument that courts have recognized may warrant review under § 2241.'"); Boynes v. Berkebile, No. 5:10cv00939, 2012 WL 1569563, *7 (S.D.W. Va. May 1, 2012).

## V. Recommendation

Based on the foregoing reasoning, the undersigned recommends that this matter be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to file timely objections to the Recommendation set forth above will

result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Ci. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: June 12, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE