# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DONOVAN ISAIAH JONES,

        **Petitioner,**

v.              //    **CIVIL ACTION NO. 1:14CV35**
                            **(Judge Keeley)**

TERRY O'BRIEN, WARDEN,

        **Respondent.**

## ORDER ADOPTING THE REPORT AND RECOMMENDATION [DKT. NO. 11]

Pending before the Court is the report and recommendation ("R&R") of Magistrate Judge John Kaull. For the following reasons, the Court **ADOPTS** the R&R [dkt. no. 11], and **DISMISSES** the case with prejudice.

The pro se petitioner, Donovan Isaiah Jones ("Jones"), was indicted on May 14, 2008, in the United States District Court for the District of South Carolina, on two counts of possession with intent to distribute marijuana and possession of a firearm and ammunition by a convicted felon. United States v. Jones, 7:08CR461 (D.S.C. May 14, 2008) [Dkt. No. 2].[1] He pleaded guilty to both counts on August 19, 2008, and, on March 16, 2009, was sentenced to concurrent terms of 60 months of imprisonment and two years of supervised release for the drug offense, and of 212 months of

---

[1] As in Judge Kaull's R&R, the Court refers to the docket numbers in Jones' original case in the United States District Court for the District of South Carolina in this section on background material.

imprisonment and five years of supervised release for the firearms conviction. [Dkt. No. 49].

Jones appealed his sentence to the United States Court of Appeals for the Fourth Circuit, which affirmed his conviction. [Dkt. Nos. 32, 46]. Jones filed a motion to vacate his sentence under 28 U.S.C. § 2255 in the United States District Court for the District of South Carolina. [Dkt. No. 48]. Jones claimed ineffective assistance of counsel, and that the Court improperly characterized him as an armed career criminal. [Dkt. No. 48 at 5-8]. The Court dismissed Jones' § 2255 petition on November 15, 2010, and denied his subsequent motion for reconsideration on December 7, 2010. [Dkt. Nos. 50, 53].

Jones appealed the denial of his § 2255 petition to the United States Court of Appeals for the Fourth Circuit, but it dismissed his appeal on June 22, 2011. [Dkt. No. 68]. Jones filed a Rule 60(b) motion for relief from his habeas judgment on January 28, 2011, and the United States District Court for the District of South Carolina denied his motion on February 7, 2011. [Dkt. Nos. 62, 63].

On February 27, 2014, Jones filed a petition in this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Dkt. No. 1]. Jones seeks an order remanding his case to the United States

**ORDER ADOPTING THE REPORT AND RECOMMENDATION [DKT. NO. 11]**

District Court for the District of South Carolina for re-sentencing without the armed career criminal enhancement. Id. Jones alleges four grounds in support of his complaint: (1) ineffective assistance of counsel in his underlying criminal matter; (2) that the United States District Court for the District of South Carolina improperly categorized four of his predicate convictions as violent crimes; (3) that the United States District Court for the District of South Carolina did not explain which offenses it relied upon to sentence him as an armed career criminal; and, (4) that he is actually innocent of being an armed career criminal. [Dkt. No. 1].

Judge Kaull issued a report and recommendation on June 12, 2014, recommending dismissal of Jones' complaint. [Dkt. No. 11]. Jones did not file any objections to the R&R.[2]

Judge Kaull recommended that the Court dismiss Jones' complaint because he improperly relies upon § 2241 to attack his sentence, rather than § 2255. [Dkt. No. 11 at 4]. A § 2241 petition is properly used to attack the manner in which a sentence is executed, whereas a petition to collaterally attack a conviction

---

[2] James' failure to object to the R&R not only waives his appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issues presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

and sentence is properly brought under § 2255.  Judge Kaull found that Jones could not avail himself of the narrow "savings clause" in § 2255 because he is merely challenging his sentence.  See Dkt. No. 11 at 5; Petty v. O'Brien, No. 1:11CV9, 2012 WL 509852 at *2 (N.D.W. Va. Feb. 15, 2012) (noting that the savings clause does not apply to petitioners who only challenge their sentence).  It is well-established in this Circuit that use of the § 2255 savings clause is reserved for petitioners who are actually innocent of the underlying offense of conviction, not just of a sentencing factor.  Darden v. Stevens, 426 F. App'x 173, 174 (4th Cir. 2011) (per curiam) (unpublished); Petty, 2012 WL 509852 at *2.  Accordingly, Judge Kaull concluded that Jones failed to state a claim that is cognizable under § 2241.

The Court finds no clear error in the analysis of the R&R, and that the recommendation of dismissal with prejudice is appropriate.  Accordingly, the Court **ADOPTS** the R&R [dkt. no. 11] and **DISMISSES** the complaint **WITH PREJUDICE**.

It is so **ORDERED.**

## ORDER ADOPTING THE REPORT AND RECOMMENDATION [DKT. NO. 11]

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of the order to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

DATED: October 16, 2014.


/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE